

400-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BG 1651)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATLAS BULK SHIPPING A/S

                Plaintiff,

  - against -

AGRENCO MADEIRA COMERCIO
INTERNACIONAL LTD a/k/a AGRENCO
MADEIRA COMERCIO INTERNACIONAL
LDA and AGRENCO SA,

                Defendants.
------------------------------------------------------------X

08 CIV _____ (  )

**VERIFIED COMPLAINT**

     Plaintiff, ATLAS BULK SHIPPING A/S (hereinafter referred to as "ATLAS" or "Plaintiff"), by and through its attorneys, Freehill, Hogan & Mahar LLP, as and for its Verified Complaint against the Defendants, AGRENCO MADEIRA COMERCIO INTERNACIONAL LTD a/k/a AGRENCO MADEIRA COMERCIO INTERNACIONAL LDA (hereinafter referred to as "AGRENCO LTD") and AGRENCO SA (hereinafter referred to as "AGRENCO SA") alleges, upon information and belief, as follows:

     1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of a maritime contract of charter. This matter also arises under the Court's federal

NYDOCS1/308698.1

question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with an address at 11, Sundkaj, 2100 Copenhagen, Denmark and was at all material times the disponent owner of the motor vessel "XIN HUA MEN" (hereinafter the "Vessel").

3. Upon information and belief, Defendant AGRENCO LTD was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business located at Avenida do Infante, 50 Funchal, 9004-521, Ilha da Madeira, Portugal.

4. Upon information and belief, Defendant AGRENCO SA was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business located at 1213 Lancy, Zurich, Switzerland.

5. By a charter party dated April 9, 2008 Plaintiff chartered the Vessel to AGRENCO LTD for one time chartered trip from Antwerp/Ghent to Singapore/Japan range for the carriage of bulk grain/sbm in bulk. A copy of the charter party fixture recap is annexed hereto as Exhibit 1.

6. Plaintiff delivered the Vessel into the service of AGRENCO LTD on or about June 27, 2008 and has at all times fully performed its duties and obligations under the charter party.

7. AGRENCO LTD has caused to be loaded onto the Vessel the intended cargo which is now being carried to the discharge port(s) where the vessel is expected to be redelivered by AGRENCO LTD to Plaintiff on July 19, 2008.

8. The charter party obligates AGRENCO LTD to pay to Plaintiff hire for the Vessel at a daily hire rate of $66,300. See Exhibit 1. Despite due demand, however, AGRENCO LTD has failed and refused to pay hire due and owing to Plaintiff in the sum of $1,399,983.68, exclusive of interest, costs and legal fees. A copy of Plaintiff's latest Hire Statement Recap based on Defendant AGRENCO LTD's most recent redelivery notice is annexed hereto as Exhibit 2.

9. AGRENCO LTD'S failure to pay in full the charter party hire due and payable to Plaintiff constitutes a breach of the charter party.

10. As a result of AGRENCO LTD'S breach of the charter party due to its failure to pay all charter party hire due and payable, Plaintiff has sustained damages in the total principal amount of $1,399,983.68, exclusive of interest, arbitration costs and attorneys fees.

11. Plaintiff reserves its rights to increase the damages asserted herein to reflect further installments of charter party hire unpaid by AGRENCO LTD along with other damages which may be incurred due to AGRENCO LTD's breach of its obligations under the charter party including, but not limited to, the obligation to redeliver the vessel to the Plaintiff with an equivalent volume of fuel oil aboard the vessel as when she was delivered into service to AGRENCO LTD.

12. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. Plaintiff specifically reserves its right to arbitration

of its claims against AGRENCO LTD. Plaintiff is preparing to commence London arbitration against AGRENCO LTD.

13. This action is brought in order to obtain jurisdiction over AGRENCO LTD and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim: | $1,399,983.68 |
| B. | Estimated interest on claim- 2 ½ years at 8%: | $ 279,996.72 |
| C. | Estimated legal expenses and costs of prosecuting the claim in London Arbitration: | $ 185,000.00 |
| **Total:** | | **$ 1,864,980.40** |

15. During the course of the charter party, Plaintiff received hire payments from AGRENCO SA, apparently made by it on behalf, of or for the benefit of, AGRENCO LTD. Therefore, it is evident that AGRENCO SA is an alter ego and/or paying agent for AGRENCO LTD, and should be held liable for the unpaid balance of hire due and owing to Plaintiff.

16. Upon information and belief, AGRENCO SA's sole purpose is to hold or transfer monies on behalf of AGRENCO LTD, so as to hinder, delay or defraud creditors of AGRENCO LTD.

17. Upon information and belief AGRENCO SA is merely a shell-corporation through which AGRENCO LTD conducts its business.

18. Upon information and belief, AGRENCO SA has no separate, independent identity from AGRENCO LTD.

19. Upon information and belief, AGRENCO SA is the alter ego of AGRENCO LTD because AGRENCO LTD dominates and disregards AGRENCO SA's corporate form to the extent that AGRENCO LTD is actually carrying on AGRENCO SA's business and operations as if the same were its own.

20. Upon information and belief, AGRENCO SA acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of AGRENCO LTD.

21. It is not general practice in the maritime industry, or elsewhere, for independent companies to make payments on behalf of other third party companies.

22. Payments made by one company on behalf of another independent company are suggestive of a relationship that is not "arm's length."

23. As set forth above, AGRENCO SA makes payments on AGRENCO LTD's behalf where AGRENCO SA has no contractual obligation to AGRENCO LTD's creditors.

24. In the alternative, Defendants are partners and/or are joint venturers.

25. In the further alternative, Defendants are affiliated companies such that AGRENCO SA is now, or will soon be, holding assets belonging to AGRENCO LTD and vice versa.

**REQUEST FOR RULE B RELIEF**

26. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain

Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (collectively hereinafter, "ASSETS") at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

27.  The total amount to be attached pursuant to the calculations set forth above is **$1,864,980.40**.

WHEREFORE, Plaintiff prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendants citing them to appear and answer the foregoing;

b.  That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including **$1,864,980.40** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants (collectively hereinafter, "ASSETS"), at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any subsequent enforcement

        action as may be necessary; and

    d.    For such other, further and different relief, as the Court may deem just and proper in the premises.

Dated:    New York, NY  
            July 15, 2008

                                    FREEHILL HOGAN & MAHAR, LLP  
                                    Attorneys for Plaintiffs

By:  _____  
        Peter J. Gutowski (PG 2200)  
        Barbara G. Carnevale (BG 1651)  
        80 Pine Street  
        New York, NY 10005  
        (212) 425-1900  
        (212) 425-1901 fax  
        gutowski@freehill.com  
        carnevale@freehill.com

## ATTORNEY VERIFICATION

State of New York   )
                          ) ss.:
County of New York )

      PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1.     I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our clients via their solicitors.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

                                                _____
                                                Peter J. Gutowski

Sworn to before me this
15th day of July, 2008

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/308698.1                                 8

# EXHIBIT A

## Anders Wahl

**From:** Atlas Shipping A/S [ops@atlas-shipping.com]
**Sent:** Mon 07. Jul 2008 11:13
**To:** BM CPH DSDA
**Subject:** XIN HUA EMN
**Handled by:** awa


FROM: OPERATIONS DEPARTMENT
     PHONE: +45 3927 9400
     E-MAIL: OPS@ATLAS-SHIPPING.COM

Ref: 080707-WV798 - WILLEM VERMAAT - DIR +45 3910 1627 - MOB +45 2521 7460.

ANDERS / WILLEM

MV XIN HUA MEN


GD DAY

PSL FIND BELOW RECAP:


Re: MV Xin Hua Men/Agrenco
==


///REVISED DELIVERY POINT///

PLEASE TO RECAP CLEAN FIXTURE AS FLWS:


-CP DD 9TH APRIL 2008


MV XIN HUA MEN
ST.VINCENT FLG BLT 1984 SDBC
ABT 69,201 MT DWAT ON 13.258M SSW
INTL GRT/NRT - 36803/23053 PAN GRT/NRT - 38152/30586 SUEZ GRT/NRT - 37179/32965.10
LOA/BM 222.725M/32.20M
7HO/7HA, MCGRGR SIDE ROLLING
GRAIN/BALE: 2,829,427 / 2,756,286 CUFT
ABT 13.00 KNTS LADEN ON ABT 30T IFO (380 CST) + ABT 2.3T MGO (DMA)
ABT 13.00 KNTS BALLAST ON ABT 27T IFO (380 CST) + ABT 2.3T MGO (DMA)
IN PORT ABT 1.0T IFO (380 CST) + 1.5T MGO (DMA)
BOILER CONSUMPTION WHEN REQUIRED ADDTNL 1MT IFO PER 24 HRS
CLASS: LR P&I: CPI
ALL DETS ABT


# OWRS CONFIRM THAT VSL IS CLASSED TO LLOYDS 100 A1 OR EQUIVALENT AND
WILL REMAIN SO FOR THE DURATION OF THIS VOYAGE
# OWRS CONFIRM THAT VSL IS ENTERED WITH AND INSURED FOR ALL CARGO RISK
WITH A INTERNATIONAL GROUP PNI CLUB AND WILL REMIAN SO FOR THE
DURATION OF THIS VOYAGE AND THAT ALL CALLS, INCLUDE SUPPLEMENTARY
CALLS ARE FULLY PAID UP : OK CONFIRM .
OWS P+I CLUB


07.07.2008

```
# OWRS CONFIRM THT IS FULLY H+M INSURED AND WILL REMAIN SO FOR THE
DURATION OF THIS VOYAGE
# OWRS CONFIRM THAT ALL VSLS CERTIFICATES ARE VALID AND FULLY UP TO
DATE AND OWRS ACCEPT TO MAKE SAME AVAILABLE TO CHRTRS FOR
INSPECTION,IF REQUESTED. VESSEL ISM CERTIFIED. BIMCO ISM CLAUSE TO
APPLY
# OWRS CONFIRM THAT VSL'S HOLDS ARE FREE OF ANY
OBSTRUCTIONS/BULKHEADS/STANCHIONS, AND THAT VSL IS IN EVERY WAY
SUITABLE TO SHIP/LOAD/DISCHTHE INTENDED CARGO :
# OWNRS CONFIRM VSL COMPLIES WITH ISPS REGULATIONS :




FOR




- THIS FIXTURE IS TO BE KEPT STRICTLY PRIVATE AND CONFIDENTIAL

- A/C AGRENCO MADEIRA COMERCIO INTERNACIONAL LTD

- DELIVERY DLOSP ANTWERP OR GHENT PIQO ATDNSHINC

- 1 TIME CHARTER TRIP 1 LADEN LEG VIA SP(S),SB(S), SANCH(S),ALWAYS
AFLOAT VIA ECSA TO SINGAPORE-JAPAN RANGE ALWAYS WITHIN IWL WITH
HARMLESS BULK GRAIN/SBM IN BULK DURATION 65-75 DAYS WOG

- LAYCAN 22nd April-1st May 2008

- REDELY DLOSP 1SP SINGAPORE-SOUTH JAPAN RANGE, INCLUDING SOUTH KOREA
PICO ATDNSHINC(INTN INCHON)

- HIRE: USD 66,300 DAILY/PRO RATA INCLOT. HIRE PAYABLE EVERY 15 DAYS
IN ADVANCE WITH BUNKER ON DELY

- BUNKERS ON DELY ABT 1000 MTS IFO AND ABT 80 MTS MGO BUNKER PRICES:
USD 500 PMT IFO USD 900 PMT MGO AND ON REDELY ABT THE SAME QTIES AS
ACTUALLY ON BOARD ON DELY SAME PRICES BENDS BUNKER'S ON DELY TO BE
PAID TOGETHER WITH 1ST HIRE PAYMENT. CHRTR HAS THE OPTION TO BUNKER
VESSEL PRIOR DELIVERY PROVIDED IT DOES NOT INTERFERE WITH OWNER'S
DISCHARGING OPERATIONS

-SOUTH AFRICA BUNKERING:
CHARTS HAVE THE OPTION OF SUPPLYING RMF 180 IN S.AFRICAN PORTS UNDER
THE ISO 8217:2005 SPECS

-VSLS HOLDS ON DELY OR LATEST ON ARRIVAL AT LOADPORT TO BE
CLEAN-SWEPT, WASHED DOWN WITH FRESH WATER, DRIED UP, FREE FROM SALT,
RUST FLAKES/LOOSE SCALES AND PREVIOUS CARGO RESIDUES SO AS TO RECEIVE
CHRTRS INTENDED CARGO(S) IN ALL RESPECT TO THE SATISFACTION OF
INDEPENDENT/GOVERNMENT OR SHIPPERS SURVEYOR

-IF VESSEL FAILS HOLD CLEANLINESS SURVEY, SHE IS TO BE OFF HIRED FROM
THE TIME OF THE FAILURE TILL THE TIME SHE FULLY PASSED THE ABOVE
SURVEY AND ANY BUNKER CONSUMED AND ALL DIRECTLY RELATED EXPENSES
INCURRED THEREBY TO BE FOR OWNER'S ACCOUNT.

-ONLY CLEAN BILLS OF LADING AND MATE'S RECEIPTS TO BE ISSUED UNDER
THIS CHARTER PARTY. MASTER HAS THE RIGHT TO REJECT CARGO FOR WHICH
CLEAN BILLS OF LADING CANNOT BE ISSUED BUT SAME NOT TO BE
UNREASONABLE.
```

07.07.2008

-CHRTRS OR CHRTR'S NOMINATED AGENTS ARE HEREBY AUTHORIZED TO
SIGN/RELEASE BILLS OF LADING ON MASTERS/ OWNER'S BEHALF IN STRICT
CONFORMITY WITH MATE'S RECEIPTS.

-SHOULD ORIGINAL BS/L NOT BE AT THE DISCHARGE PORT UPON VESSEL'S
ARRIVAL, MASTER TO DISCHARGE THE ENTIRE CARGO AGAINST CHRTR'S SINGLE
LOI IN OWNER'S PNI CLUB FORMAT.

-OWNERS WARRANT THAT THE VESSEL COMPLIES WITH THE REQUIREMENTS OF
SOLAS 1974 AND ANY AMENDMENTS THERETO INCL CHARTER XI-2. ANY COSTS,
EXPENSES AND LOSS OF TIME AS A RESULT OF NON-COMPLIANCE TO BE ENTIRELY
FOR OWNER'S ACCOUNT

-ARBITRATION IN LONDON, ENGLISH LAW TO APPLY.

- ILOHC USD 5,000 LUMPSUM

- CABLE VICTUALLING AND EXPENSES USD 1,500 PER 30 DAYS OR PRO RATA

- 3.75PCT ADDCOM + 1.25 PCT SSY

- OTHERWISE AS PER OWNER'S BTB CP "MV XIN HUA MEN CP DD 13TH SEPTEMBER
2006" AS ATTACHED IN THIS CLEAN RECAP.

end


BEST REGARDS


ATLAS BULK SHIPPING
WILLEM VERMAAT
DIRECT: +45 3910 1627
MOBILE: +45 2521 7460


PLEASE VISIT OUR WEBSITE: WWW.ATLAS-SHIPPING.COM

07.07.2008

# EXHIBIT B

# Atlas Bulk Shipping A/S

11, Sundkaj
2100 Copenhagen
Denmark
tel: +45 3927 9400
fax: +45 3927 9402

Agrenco Maderia Comercio
International LDA
c/o Simpson Spence & Young
Lloyds Chambers
1, Portsoken Street
London, E1 8PH
United Kingdom

14 July 2008

## Hire Statement Recap

**m.v. XIN HUA MEN - C/P 9 April 2008 - F00395 CAtl**

| | | | |
|---|---|---|---|
| Date of delivery: | 28-04-08 14:54 UTC | | |
| Date of redelivery: | UTC | | |
| Total days on hire: | 0,000000 | | |
| Bunkerquantities mt: | IFO | MDO | MGO |
| Delivery: | 1.045,75 | 0,00 | 92,90 |
| Redelivery: | 0,00 | 0,00 | 0,00 |
| Bunkerprices USD: | | | |
| Delivery: | 500,00 | 0,00 | 900,00 |
| Redelivery: | 500,00 | 0,00 | 900,00 |

| | USD |
|---|---:|
| **T/C Hire:** | |
| 28/04/08 14:54 hrs - 19/07/08 14:54 hrs UTC 82 days at USD 66.300,00 | 5.436.600,00 |
| **Commission 3,75 %** | (203.872,50) |
| **Bunkers on delivery** | |
| IFO 1.045,751 mts at USD 500 | 522.875,50 |
| MGO 92,9 mts at USD 900 | 83.610,00 |
| **Communication/Entertainment/Victualling USD 1.500 per month pro rata** | 4.043,85 |
| **Charterers expenses** | |
| CHRTRS SHARE OF ON HIRE SURVEY EUR 250 | 375,00 |
| CHRTRS SHARE OF BUNKERS (IFO) SUPPLIED BY OWRS 750MTSXUSD174,50 | 130.875,00 |
| CHRTRS SHARE OF BUNKERS (MGO) SUPPLIED BYOWRS 70MTSXUSD302 | 21.140,00 |

**Actual owners expenses**

| | |
|---|---:|
| DEDUCTION BUNKERS (IFO) ON REDELIVERY 300MTSXUSD 500 | (150.000,00) |
| DEDUCTION BUNKERS (MGO) ON REDELIVERY 20MTSXUSD 900 | (18.000,00) |

**Payments:**

| | |
|---|---:|
| Charterers payment 30-04-08 | (1.564.806,48) |
| Charterers payment 15-05-08 | (957.945,98) |
| Charterers payment 29-05-08 | (957.950,30) |
| Charterers payment 13-06-08 | (446.960,41) |
| Charterers payment 25-06-08 | (500.000,00) |
| **Balance in Owners favour** | **1.399.983,68** |

E.& O.E.

Danske Bank
Holmens Kanal 2,
DK-1090 Copenhagen K,
Denmark
Swift Code: DABADKKK
Bank Branch No: Holmens Kanal Afd
Account No: 3000 3001 536656
Iban No: DK27 3000 3001 536656
Beneficiary: Atlas Bulk Shipping A/S
Corresponding bank: Bank of America N.Y. - SWIFT: BOFAUS3N
Reference: XIN HUA MEN - Com AtlF00395 - Client 1749


Yours faithfully
Atlas Bulk Shipping A/S

Willem Vermaat